In re Lucille C. DAWSON, Debtor.

No. 97–14020–SSM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Dec. 17, 1998.

Richard Owen Bolger, Bolger Law Firm, PLLC, Fairfax, VA, for Lucille C. Dawson.

## MEMORANDUM OPINION AND ORDER

STEPHEN S. MITCHELL,
Bankruptcy Judge.

Before the court is the objection of the chapter 13 trustee, Gerald M. O'Donnell, to Claim No. 16 filed by HEW Federal Credit Union on August 13, 1997, in the amount of $97,349.93.[1] The sole basis of the objection is that the claim is to be paid directly by the debtor outside the plan. The creditor has filed a response asserting that the trustee has not stated a proper basis for objecting to the claim. Neither party has requested an evidentiary hearing or oral argument on the issue, and the court will therefore rule based on the pleadings and the entire record in the case.

### Facts

Lucille C. Dawson ("the debtor") filed a voluntary petition for the adjustment of her debts under chapter 13 of the Bankruptcy Code in this court on May 29, 1997. Among the creditors listed on her schedules was HEW Federal Credit Union ("the Credit Union"), which was listed as holding a claim in the amount of $99,685.00, secured by two parcels of real estate, one of them the debtor's residence. On December 24, 1997, an order was signed confirming a modified plan dated and filed November 7, 1997. That plan provided for the payment by the debtor to the chapter 13 trustee of $987.80 per month for 55 months, from which the trustee would pay his own commission, the remaining fee owed to the debtor's attorney, a separate debt owed to the Credit Union based on an automobile loan, and a 49% dividend to

1. HEW Federal Credit Union has also filed two other claims (Claims No. 17 in the amount of $2,961.68 and No 20 in the amount of $13,899.17). Those claims have not been objected to.

unsecured creditors. The Credit Union's real estate loan would be paid directly by the debtor outside the plan.[2] The Credit Union did not object to confirmation of the plan.

In the interim, the Credit Union had filed a proof of claim on August 13, 1997, in the amount of $97,349.93. On October 9, 1998, the chapter 13 trustee filed an objection to the claim requesting that it be "disallowed in full as it is to be paid direct [sic] by the debtor in this Chapter 13 proceeding." The Credit Union filed a timely response on November 3, 1998, asserting that "[t]here is no justification for disallowing [the] Claim on the ground that the Debtor proposes to act as her own disbursing agent in making payments" and that the Credit Union "still maintains a valid claim against the Estate and the Debtor's proposed method of payment should not disallow or otherwise affect its Claim."

### Discussion

█ The narrow issue before the court is whether, in a chapter 13 case, a claim that is to be paid directly by the debtor rather than by the trustee should be "disallowed" or rather should be allowed but simply not paid by the trustee. Of course, disallowance—assuming that is the proper course—would not be an adjudication that the amount claimed is not owed, and would also obviously be without prejudice to the creditor's right, after obtaining relief from the automatic stay, or after the plan is completed, to collect the full amount of its claim from the debtor. Indeed, the court can take judicial notice that the form of order normally tendered by the chapter 13

trustee in cases similar to this, where direct payment of a secured claim is being made by the debtor, expressly states that disallowance of the claim is without prejudice to the payment of the claim "outside" the plan or the creditor's right to assert a deficiency claim.

The problem is essentially one more of semantics than substance. The Credit Union is not asserting a right to receive payments from the trustee at this time and is apparently satisfied to receive payments from the debtor. It is simply seeking to avoid the uncertain legal consequences of "disallowance" in the event the debtor does not pay the claim, or if, for example, the case is converted and a chapter 7 trustee attempts to sell the property (perhaps creatively arguing that the Credit Union's lien is "void" under § 506(d), Bankruptcy Code). The trustee's concern, by contrast, appears to be primarily administrative. That is, by statute a filed proof of claim is deemed allowed unless a party in interest objects. § 502(a), Bankruptcy Code. Claims are normally paid by the trustee. § 1326(c), Bankruptcy Code. Hence, the trustee seeks entry of an order disallowing the claim so that his accounts will balance.

Neither party has cited the court to any reported case discussing this issue, and the court's own research has discovered none, with the possible exception of *In re Evans,* 66 B.R. 506 (Bankr.E.D.Pa.1986), which held in passing that "an Objection to a Proof of Claim is an appropriate device *to determine what sum must be paid to a certain creditor in a Plan." Id.* at 507 n. 4 (emphasis added).[3] Certainly, although

---

**2.** The plan represented that the payments on the mortgage were current.

**3.** Although the order in *Evans* "sustained" in part the debtor's objection to a tax claim that he proposed to treat "outside" the plan, it did not *disallow* the claim but simply directed

that the amount would not be "disbursed ... by the Trustee." 66 B.R. at 511. Thus, while *Evans* holds that an *objection to claim* is an appropriate procedural vehicle for determining what portion of a filed claim is to be *paid* by the chapter 13 trustee, it does not answer the narrow question, presented here, of

§ 1326(c), Bankruptcy Code, contemplates that claims normally will be paid by the chapter 13 trustee, it also permits an exception where "otherwise provided in the plan or in the order confirming the plan," and most courts considering the issue have concluded that a chapter 13 plan may properly provide for certain claims to be paid directly by the debtor rather than through the trustee. *See In re Foster,* 670 F.2d 478, 488–90 (5th Cir.1982) (direct payment of fully-secured mortgage claim); *In re Delauder,* 189 B.R. 639 (Bankr.E.D.Va. 1995) (direct payment of automobile loan); 8 Collier on Bankruptcy, ¶ 1326.04, p. 1326–10 (Lawrence P. King, ed., 15th ed. rev. 1998). Although such direct payment is commonly and colloquially referred to as being "outside" the plan, that terminology is misleading, as the claim nevertheless remains one that is being treated by, and paid according to the terms of, the plan. *See Evans,* 66 B.R. at 509 (noting that the term "outside the plan" properly applies only where a debtor "opts not to deal with a secured creditor at all by the terms of his Plan."). Put another way, the Credit Union in this case is being paid *in accordance with* the confirmed plan, even though the debtor, rather than the chapter 13 trustee, serves as the disbursing agent with respect to the claim.

This is not to say that the trustee's position is not without a certain pragmatic appeal. Except as otherwise provided in the confirmation order, confirmation of a chapter 13 plan vests all of the property of the estate in the debtor. § 1327(b), Bankruptcy Code. After confirmation, therefore, the only "estate" ordinarily consists of those post-petition earnings required to fund the plan. *See In re Leavell,* 190 B.R. 536 (Bankr.E.D.Va.1995). Where a confirmed plan expressly provides that a long-term debt will not be paid by the trustee

but will be paid directly by the debtor, it makes little practical sense to speak of the creditor as having a claim against the bankruptcy estate, as opposed to a claim against the debtor. Furthermore, the discharge that is granted on the successful conclusion of a chapter 13 case does not release the debtor from personal liability with respect to long-term debt upon which the debtor has continued to make the contractual payments and on which the last payment is due after the final payment under the plan is due. § 1328(a)(1), Bankruptcy Code. If the debtor defaults during the plan and the secured creditor, after obtaining relief from the automatic stay, forecloses and there is a deficiency, the court has ample power to reconsider any prior disallowance of the claim. § 501(j), Bankruptcy Code, and Fed.R.Bankr.P. 3008.

■ Nevertheless, even though a disallowance without prejudice would offer some administrative convenience, the court is constrained to agree with the Credit Union that technically a basis has not been stated for "disallowing" its claim. Allowance of claims is governed by § 502, Bankruptcy Code, which requires the court, if an objection is filed, to "determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition* " (emphasis added) and further requires to court to "allow such claim *in such amount,*" unless one of nine specific exceptions applies. *See* § 502(b)(1) through (9), Bankruptcy Code. The chapter 13 trustee does not rely on any of those exceptions, and nothing in § 502 or in chapter 13 appears to contemplate disallowance solely for administrative convenience. Accordingly, the court will overrule the objection and will allow the claim as filed, but will authorize and direct

whether the portion of the claim not paid by the trustee is *disallowed.*

the trustee not to make disbursement on account of the claim. The right is reserved to the Credit Union to amend its claim and to seek revision of this order under Fed. R. Bankr.P. 9024 in the event the collateral is subsequently liquidated and there is a deficiency.

*ORDER*

It is, accordingly,

**ORDERED:**

1. The trustee's objection to Claim No. 16 filed by HEW Federal Credit Union in the amount of $97,349.93 is overruled, and the claim is allowed as filed. In accordance with the terms of the confirmed plan, however, the claim will be paid directly by the debtor, and no portion of the claim is required to be paid by the chapter 13 trustee except upon further order of this court after notice and a hearing.

2. The clerk will mail a copy of this memorandum opinion and order to the chapter 13 trustee, counsel for HEW Federal Credit Union, counsel for the debtor, and the United States Trustee.